Daisy Mae Burlingame
Register Number 13540-097
Federal Prison Camp Dublin
5675 8th Street, Camp Parks
Dublin, California 94568

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY MAE BURLINGAME,<br><br>Petitioner,<br><br>vs.<br><br>SCHEILA A. CLARK, Warden, Federal Corrections Institution – Dublin<br><br>Respondent. | C 07 3394 SBA<br>Ca. No. 04-55076<br>(Criminal No. SA CR02-208)<br><br>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 (PR) |

   PETITIONER, Daisy Mae Burlingame seeks relief from the execution of her sentence pursuant to 28 U.S.C. §2241, on the grounds and for the reason that she is in custody of the Bureau of Prisons (BOP) under circumstances in which BOP by regulation refuses to exercise its discretion to allow her the "full benefit" of six months pre-release placement at a Community Corrections Center (CCC) in violation of federal law. Due to the unlawful execution of Petitioner's sentence, Petitioner seeks this Court to grant said petition and to order BOP to exercise its discretion to place Petitioner in a CCC for six months as permitted by federal law. The petition herein supports such relief as set forth more fully below:

BURLINGAME 2241                         1

1. Custody

Daisy Mae Burlingame is in the custody of the BOP serving her 38 month sentence at Federal Correctional Institution (FCI) Dublin, in Dublin, California, with a projected release date of April 3, 2008.

2. Reason for Custody

Daisy Mae Burlingame is in BOP custody after pleading not guilty and going to trial between October 7, 2003 and October 17, 2003. She was found guilty by jury and charged with the offenses of 18 USC 371: Conspiracy (Count 1); Class D Felony; 18 USC 1341, 2: Mail Fraud, Aiding and Abetting (Counts 5 & 9), Class D Felonies; 18 USC 1343, 2: Wire Fraud, Aiding and Abetting (Counts 10, 13, 16), Class D Felonies; 18 USC 1956 (a)(1)(A)(i), 2: Money Laundering, Aiding and Abetting (Counts 24-26), Class C Felonies. She was sentenced by the Honorable David O. Carter, District Court Judge, Central District of California, Southern Division at Santa Ana. See Attachment A (Sentencing and Judgment).

3. Execution of Sentence in Violation of Federal Law

Daisy Mae Burlingame is in BOP custody in violation of federal law. By federal regulation, BOP does not grant more than 10 percent of an overall term of imprisonment under its prerelease program in a CCC, even though federal law allows BOP to designate federal inmates to CCC facilities for a period of six months. See Attachment B (28 CFR § 570.21). Due to BOP regulations, Daisy Mae Burligname, has received just 121 days of prerelease placement in a CCC (current release to a CCC date is December 3, 2007) because of the BOP 10-percent rule.

4. Subject Matter Jurisdiction

This Court has jurisdiction pursuant to 28 USC §2241. When an

inmate challenges the manner of execution of a sentence by the BOP, she must bring this request before a federal district court with jurisdiction over the custodian given that a § 2241 writ of habeas corpus acts upon the person whom is holding the individual in allegdly unlawful custody. See 28 USC § 2241; Braden v. 30th Judicial Cir. Ct. of Kent., 410 US 484, 494-95 (1973).

5.   Exhaustion of Administrative Remedies

Petitioner is in the process of exhausting her administrative remedies through the BOP's administrative appeals process. Exhaustion of administrative remedies is not a statutory or jurisdictional requirement for a habeas petition under 28 USC § 2241. Rivera v. Ashcroft, 394 F.3d 1129, 1139 (9th Cir. 2005). A failure to exhaust administrative remedies does not deprive the Court of jurisdiction over a § 2241 petition. Id.; see Arreola-Arreola v. Ashcroft, 383 F.3d 956, 965 n. 10 (9th Cir. 2004) (exhaustion may be waived).

If she prevails in this petition, Petitioner would be entitled to be transferred to a CCC as soon as October 3, 2007 (six months before her April 3, 2008, projected release date.) Given the short span of time left on her sentence, and the fact that the BOP would need time to exercise its discretion if the Court granted Petitioner the relief she seeks, she asks the Court to waive any failure to exhaust and reach the merits of her claim.

6.   Argument

BOP policy as reflected in Attachment B is at odds with its authority under federal law giving BOP discretion to grant up to six months in a CCC for any federal inmate sentenced by a federal district court. The policy strips BOP of any discretion for consideration of the

full six month benefit of prerelease even though federal law allows for such discretion.

Under the relevant federal statutes, BOP has authority to designate an inmate to any place of imprisonment 18 USC § 3621(b). That statute reads as follows:

> (b) Place of Imprisonment. - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering - (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence - warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a) of title 28.
>
> In designating the place of imprisonment or making transfers under this section, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another...

18 USC § 3621. This statute permits the designation of inmates to a CCC at any point during an inmates term of imprisonment. Flood v. Jeter, 386 F.3d 841, 846-47 (8th Cir. 2004) (BOP has authority to transfer an inmate to a CCC at any time during service of inmates sentence); Goldings v. Winn, 383 F.3d 17, 23-27 (1st Cir. 2004) (same).

Underlying BOP policy as reflected in Attachment B is 18 USC § 3624(c). That section reads:

> Pre-release custody. - The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to prisoner during such pre-release custody.

18 USC 3624(c). BOP's policy of limiting pre-release to only 10 percent of an inmate's term vitiates the discretion given to BOP by statute to designate or transfer an inmate to a CCC at any time during the inmate's prison term in violation of federal law.

Two significant reported district court cases have addressed this identical issues and ordered BOP to exercise its discretion in the manner requested here. United States v. Paige, 369 F. Supp. 2d 1257 (D. Mont. 2005); Pimentel v. Gonzales, 367 F. Supp. 2d 365 (E.D.N.Y. 2005). Both cases have granted relief by entering an order requiring BOP to exercise its full authority and to consider designating the petitioners to a CCC without regard to any policy BOP may have limiting such pre-release placement. Paige, 369 F. Supp. 2d at 1263; Pimentel, 367 F. Supp. 2d at 376. In addition, all four circuits that have addressed the validity of the BOP policy at issue here, 28 C.F.R.§ 570.21, have found it invalid. Wedelstedt V. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).

Here, Ms. Burlingame asks the Court to give her the full benefit of a pre-release placement of six months.

7.    Prayer for Relief

Wherefore, Petitioner prays that the Court issue the writ or issue an order directing the Respondent to show cause why the writ should not be granted with such return be made with three days from the order to show cause, not to exceed 20 days by extension for good cause. 28 USC § 2243.

Petitioner further prays that this petition be granted and that the Court order BOP, "in good faith, to consider the appropriateness of

transferring the petitioner to a community confinement center in light of the factors set forth in Section 3621(b) and any individual factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to 28 C.F.R. § 570.21." Pimentel, 367 F. Supp. 2d at 376. It is further requested that the Court order BOP "to make this determination promptly, and, in no event, later than ten (10) days from the date of" the order. Id.

Further, Petitioner asks the Court to appoint counsel to represent her for any further proceedings on this petition. 18 USC § 3006A(a)(2)(B).

Dated: June 25, 2007.

Respectfully submitted,

*/s/ Daisy Mae Burlingame*
DAISY MAE BURLINGAME
Petitioner

EXHIBIT A

P-Send

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No. SA CR02-28 DOC                    Date  October 2, 2006

PRESENT:

Hon. __DAVID O. CARTER__, Judge

| Kristee Hopkins | Jane Sutton Rule | Greg Staples |
|---|---|---|
| Deputy Clerk | Court Reporter | Assistant U.S. Attorney |
| (5) DAISY M. BURLINGAME | James Riddet, Retained | N/A |
| Defendant | DFPD/APPTD/RTND/ Counsel | Interpreter |

PROCEEDINGS: RE-SENTENCING HEARING AFTER REMAND FROM 9TH CIRCUIT COURT OF APPEALS

X   Refer to Amended Judgment and Probation/Commitment Order; signed copy attached hereto.
X   Defendant appears telephonically.
☐   Imprisonment for _____ years/months on each of counts _____
    Count(s) _____ concurrent/consecutive to count(s) _____
☐   Fine of $_____ is imposed on each of count(s) _____ Concurrent/Consecutive.
    ☐ Execution / Imposition of sentence as to imprisonment only suspended on count(s) _____
☐   Confined in jail-type institution for _____ to be served on consecutive days/weekends commencing _____
☐   _____ years/months Supervised Release/Probation imposed on count(s) _____ consecutive/concurrent to count(s) _____ under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
    ☐   Perform _____ hours of community service.
    ☐   Serve _____ in a CCC/CTC.
    ☐   Pay $_____ fine amounts & times determined by P/O.
    ☐   Make $_____ restitution in amounts & times determined by P/O.
☐   Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court FINDS the defendant does not have the ability to pay.
☐   Pay $_____, per count, special assessment to the United States for a total of $ _____
☐   Imprisonment for _____ months/years and for a study pursuant to 18 USC _____ with results to be furnished to the Court within _____ days/months whereupon the sentence shall be subject to modification.
☐   Government's motion, all remaining count(s) ordered dismissed.
☐   Defendant advised of right to appeal.
☐   ORDER sentencing transcript for Sentencing Commission.    X   Processed statement of reasons.
X   Bond exonerated    X upon surrender    ☐ upon service of _____
X   Execution of sentence is stayed until 12 noon, May 11, 2004 at which time the defendant shall surrender to the designated facility of the Bureau of Prisons, or, if no designation made, to the U.S. Marshal.
☐   Request by defendant to waive interest due on restitution during the time of confinement is GRANTED.
☐   Request by defendant to waive the cost of incarceration is GRANTED.
X   Court RECOMMENDS that the defendant be housed at the Dublin facility due to close family ties.
☐   Request by James Riddet and William Kopeny to substitute in as counsel in place and stead of Diana Cavanaugh is GRANTED. Counsel shall prepare and lodge a Substitution of Attorney form for the Court's signature.
☐   Filed and distributed judgment. Issd JS-3. ENTERED.

cc:   PSA
      USPO
      BOP
      USM
      Fiscal

DOCKETED ON CM
16 2006
BY _____

_____ :40
Deputy Clerk Initials kh

CR 90 (6/00)                CRIMINAL MINUTES - SENTENCING AND JUDGMENT



28 C.F.R. § 570.21

Page 1

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
  Title 28. Judicial Administration
    Chapter V. Bureau of Prisons, Department of Justice
      Subchapter D. Community Programs and Release
        Part 570. Community Programs (Refs & Annos)
          Subpart B. Community Confinement (Refs & Annos)

→ § 570.21 When will the Bureau designate inmates to community confinement?

<For statute(s) affecting validity, see: 5 USCA § 301; 18 USCA §§ 571, 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987); 18 USCA §§ 4161-4166, 5006-5024 (Repealed October 12, 1984, as to offenses committed after that date), 18 USCA § 5039; 28 USCA §§ 509, 510.>

(a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

(b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

SOURCE: 70 FR 1663, Jan. 10, 2005, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301; 18 U.S.C. 751, 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987), 4161-4166, 5006-5024 (Repealed October 12, 1984, as to offenses committed after that date), 5039; 28 U.S.C. 509, 510.

28 C. F. R. § 570.21, **28 CFR § 570.21**

Current through April 5, 2007; 72 FR 16983

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.