SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

DENNIS M. WONG (CSBN 173951)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (925)803-4760
FAX: (415) 436-6748
Email: dwong@bop.gov

Attorneys for Federal Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DAISY MAE BURLINGAME, | ) | No. C-07-3394-SBA |
| Petitioner, | ) | E-FILING CASE |
| | ) | |
| v. | ) | DECLARATION OF KIM BEAKEY |
| | ) | |
| SCHELIA A. CLARK, Warden, | ) | |
| Respondent. | ) | |

Declaration of Kim Beakey
*Burlingame v. Clark*, C-07-3394-SBA                1

I, Kim Beakey, do declare and state the following:

1. Prior to March of 2006, I was the Regional Designator for the Western Region, employed by the Federal Bureau of Prisons ("BOP"), United States Department of Justice. My duties as the Regional Designator included evaluating individuals who were federally sentenced in the Western Region for initial designation to an appropriate BOP facility. I also evaluated inmates in the Western Region for redesignation (transfer) to other BOP facilities. The Western Region includes the states of California, Alaska, Arizona, Nevada, Utah, Oregon, Idaho, Montana, Washington, Hawaii and Wyoming. I held that position since June of 2004.

2. After March of 2006, some of my duties and responsibilities changed, and I am now a Correctional Programs Specialist. Specifically, most of my designation responsibilities transferred to the Designation and Sentence Computation Center ("DSCC"), located in Grand Prairie, Texas. The DSCC is a new BOP operation established to centralize certain functions that used to be done at regional offices and institutions. As a Correctional Programs Specialist, my duties include overseeing the inmate population in the Western Region. I also provide guidance on placements to Residential Reentry Centers ("RRC"). RRCs were formerly known as community corrections centers, and are commonly referred to as halfway houses.  Moving an inmate to a RRC is no different than transferring an inmate from one BOP location to another. The BOP exercises its judgement to place inmates accordingly during the service of their sentence, and such placements may include transfers to a RRC.  Such transfers to a RRC are controlled by various BOP policies and federal regulations, such as Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedure* (available at www.bop.gov), and 28 C.F.R. § 570.21.  BOP decisions about an inmate's RRC placement have no affect on the length of their sentence.

3. I am familiar with records compiled by the BOP and have access to them, and provide copies to requesting Department of Justice employees in the ordinary course of business. In this case, I have obtained a copy of inmate Daisy May Burlingame's (Register No. 13540-097) Judgment from her criminal case, Case No. CR-02-28, Central District of California, a true and correct copy of which is attached as Exhibit 1.  I have also obtained a copy of her Amended

Judgement,  a true and correct copy of which is attached as Exhibit 2.

4. I have also obtained a copy of inmate Burlingame's Public Information Inmate Data printout, which is generated from our inmate database called SENTRY, a true and correct copy of which is attached as Exhibit 3.  Exhibit 3 lists various information about a specific inmate that is considered by the BOP to be releasable to the general public.  For example, based on Exhibit 3, I can ascertain that inmate Burlingame was eventually designated and sent to the Federal Prison Camp ("FPC") at Dublin, California, on June 9, 2005, that her pre-release preparation date, which equates to the point where she is serving the last 10% of her sentence, is December 2, 2007, and that her projected release date is March 10, 2008.

5.  I have obtained a copy of inmate Burlingame's Program Review Report which is a document completed by an inmate's unit team, to reflect programming recommendations for that inmate while they are incarcerated, a true and correct copy of which is attached as Exhibit 4. Exhibit 4 reflects the unit team's recommendation that inmate Burlingame continue her vocational training and religious services through March of 2008.   The unit team also recommended that inmate Burlingame be placed in a RRC on December 3, 2007.  The Warden has approved the recommended RRC date, and has referred inmate Burlingame for placement in a RRC through the Long Beach BOP Community Corrections Management office.  A true and correct copy of the Institutional Referral For CCC Placement form for inmate Burlingame is attached as Exhibit 5.

I declare under the penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my information, knowledge and belief. Executed this \_11\_ day of October, 2007, at Dublin, California.


Kim Beakey
Correctional Programs Specialist

# Exhibit 1

J & C from *U.S. v. Burlingame*, CR-02-28 (C.D. California)
Dated February 10, 2004

/ Priority
_ Send
/ Clsd
_ Enter

## United States District Court
## Central District of California

| | | |
|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | **SA CR02-28 DOC** _____ JS-5/JS-6 |
| | | _____ JS-2/JS-3 |

Defendant   **DAISY MAE BURLINGAME**

Daisy Mae Meono (T/N); Daisy Mae Lilienthal;
akas:  Daisy Mae Massey

Social Security No.  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

ENTERED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

Residence   16949 Brewer Road
Address   Grass Valley, California 95949

Mailing Address   Same

FEB 1 8 2004

AL DISTRICT OF CALIFORNIA

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 02 | 09 | 2004 |

**COUNSEL**   [X] WITH COUNSEL   Diana Cavanaugh, Appointed

(Name of Counsel)

**PLEA**   [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [X] NOT GUILTY

**FINDING**   There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
18 USC 371: Conspiracy (Count 1); Class D Felony; 18 USC 1341, 2: Mail Fraud, Aiding and Abetting (Counts 5 & 9), Class D Felonies; 18 USC 1343, 2: Wire Fraud, Aiding and Abetting (Counts 10, 13, 16), Class D Felonies; 18 USC 1956(a)(1)(A)(i), 2: Money Laundering, Aiding and Abetting (Counts 24-26), Class C Felonies

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $900.00, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $1,988,000.00 pursuant to 18 USC 3663A.

The defendant shall be held joint and severally liable with co-defendants Richard A. Parker and Richard A. Parker II for the total amount of restitution ordered in this judgment.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $500.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

ENTER ON ICMS

FEB 18 2004

cc:   PSA; USPO; USM; Fiscal

CR-104 (10/02)   JUDGMENT & PROBATION/COMMITMENT ORDER   Page 1 of 5

USA vs.    DAISY MAE BURLINGAME _____    Docket No.:    SA CR02-28 DOC

The defendant shall comply with General Order No. 01-05.

Pursuant to USSG 5E1.2(e), all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Daisy Mae Burlingame, aka Daisy Mae Meono, is hereby committed on Counts 1, 5, 9-10, 13, 16 and 24-26 of the Indictment to the Custody of the Bureau of Prisons to be imprisoned for a term of 63 months.

This term consists of 60 months on each of Counts 1, 5, 9-10, 13, and 16, and 63 months on each of Counts 24-26 of the Indictment, all to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions: (1) The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; (2) During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; (3) The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, investments programs, or telemarketing activities of any kind, or any other business involving the solicitation of funds or cold-calls to customers. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer; (4) The defendant shall notify the California Department of Real Estate of this conviction no later than 30 days after sentencing, and shall thereafter comply with its orders, including any employment restrictions; (5) The defendant shall submit person and property to search or seizure at any time of the day or night by any law enforcement officer, with or without a warrant and with or without reasonable or probable cause; (6) The defendant shall not possess, have under her control or have access to any firearm, explosive device, or other dangerous weapon, as defined by federal, state or local law.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant shall surrender herself to the institution designated by the Bureau of Prisons on or before 12:00 noon on May 11, 2004. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516.

USA vs.    DAISY MAE BURLINGAME                                    Docket No.:    SA CR02-28 DOC

The recommendation for self surrender is contingent upon the Court having made the requisite findings pursuant to 18 USC 3143(a) (release or detention pending sentence).

Court further orders bond exonerated upon surrender.

Court **RECOMMENDS** that the defendant be housed at the Dublin facility due to close family ties.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐  This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

February 10, 2004
Date

David O. Carter, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

By
Deputy Clerk

FEB 1 0 2004
Filed Date

1142

USA vs.   DAISY MAE BURLINGAME                                    Docket No.:   SA CR02-28 DOC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

      1. Special assessments pursuant to 18 U.S.C. §3013;
      2. Restitution, in this sequence:
            Private victims (individual and corporate),
            Providers of compensation to private victims,
            The United States as victim;
      3. Fine;
      4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
      5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

USA vs.   DAISY MAE BURLINGAME _____   Docket No.:   SA CR02-28 DOC

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____         _____
Date                          Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____         _____
Filed Date                   Deputy Clerk

# Exhibit 2

Amended J & C from *U.S. v. Burlingame*, CR-02-28 (C.D. California)
Dated October 11, 2006



ENTERED — SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**OCT 16 2006**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**P-Send**

### United States District Court
### Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No.   **SA CR02-28 DOC** |
| Defendant   **DAISY MAE BURLINGAME** | Social Security No.   **XXX-XX-6895** |
| Daisy Mae Meono (T/N); Daisy Mae Lilienthal; | |
| akas:   Daisy Mae Massey | |

---

### *AMENDED* JUDGMENT AND PROBATION/COMMITMENT ORDER
### **Amended after Remand from 9th Circuit Court of Appeals**

---

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| OCT | 2 | 2006 |

| COUNSEL | [X] WITH COUNSEL | James Riddet, Retained |
|---|---|---|
| | | (Name of Counsel) |

| PLEA | [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea. | [ ] NOLO CONTENDERE | [X] NOT GUILTY |
|---|---|---|---|

**FINDING**   There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: 18 USC 371: Conspiracy (Count 1); Class D Felony; 18 USC 1341, 2: Mail Fraud, Aiding and Abetting (Counts 5 & 9), Class D Felonies; 18 USC 1343, 2: Wire Fraud, Aiding and Abetting (Counts 10, 13, 16), Class D Felonies; 18 USC 1956(a)(1)(A)(i), 2: Money Laundering, Aiding and Abetting (Counts 24-26), Class C Felonies

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $900.00, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $1,988,000.00 pursuant to 18 USC 3663A.

The defendant shall be held joint and severally liable with co-defendants Richard A. Parker and Richard A. Parker II for the total amount of restitution ordered in this judgment.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $500.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

The defendant shall comply with General Order No. 01-05.

Pursuant to USSG 5E1.2(e), all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Case 8:02-cr-00028-DOC    Document 659    Filed 10/11/2006    Page 2 of 5

USA vs.   DAISY MAE BURLINGAME                                    Docket No.:    SA CR02-28 DOC

**Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Daisy Mae Burlingame, aka Daisy Mae Meono, is hereby committed on Counts 1, 5, 9-10, 13, 16 and 24-26 of the Indictment to the Custody of the Bureau of Prisons to be imprisoned for a term of 38 months.  This term consists of 38 months on each of Counts 1, 5, 9-10, 13, and 16, and 38 months on each of Counts 24-26 of the Indictment, all to be served concurrently.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions: (1) The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; (2) During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; (3) The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, investments programs, or telemarketing activities of any kind, or any other business involving the solicitation of funds or cold-calls to customers.  Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer; (4) The defendant shall notify the California Department of Real Estate of this conviction no later than 30 days after sentencing, and shall thereafter comply with its orders, including any employment restrictions; (5) The defendant shall submit person and property to search or seizure at any time of the day or night by any law enforcement officer, with or without a warrant and with or without reasonable or probable cause; (6) The defendant shall not possess, have under her control or have access to any firearm, explosive device, or other dangerous weapon, as defined by federal, state or local law.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant shall surrender herself to the institution designated by the Bureau of Prisons on or before 12:00 noon on May 11, 2004.  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516.

The recommendation for self surrender is contingent upon the Court having made the requisite findings pursuant to 18 USC 3143(a) (release or detention pending sentence).

Court further orders bond exonerated upon surrender.

Court **RECOMMENDS** that the defendant be housed at the Dublin facility due to close family ties.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_October 11, 2006_                                    _David O. Carter_
Date                                                           David O. Carter, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                    Sherri R. Carter, Clerk

_October 11, 2006_                   By _____
Filed Date                               Deputy Clerk

USA vs.   DAISY MAE BURLINGAME                          Docket No.:   SA CR02-28 DOC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

---

CR-104 (10/02)                    JUDGMENT & PROBATION/COMMITMENT ORDER                    Page 3 of 4

USA vs.    DAISY MAE BURLINGAME                          Docket No.:    SA CR02-28 DOC

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____                          _____
Date                                              Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____                          _____
Filed Date                                        Deputy Clerk

# Exhibit 3

Public Information Inmate Data printout for inmate Daisy Burlingame, Reg. No. 13540-097

```
  WXR17          *        PUBLIC INFORMATION        *      10-11-2007
PAGE 001         *            INMATE DATA           *      15:18:27
                              AS OF 10-11-2007

REGNO..: 13540-097 NAME: BURLINGAME, DAISY MAE

                  RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 925-833-7500    FAX: 925-833-7599
                                           RACE/SEX...: WHITE / FEMALE
FBI NUMBER.: 859970VB0                     DOB/AGE....: 03-14-1941 / 66
PROJ REL MT: GOOD CONDUCT TIME RELEASE     PAR ELIG DT: N/A
PROJ REL DT: 03-10-2008                    PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL    ASSIGNMENT  DESCRIPTION              START DATE/TIME STOP  DATE/TIME
DUB    A-DES       DESIGNATED, AT ASSIGNED FACIL  06-09-2005 1142 CURRENT
5-F    RELEASE     RELEASED FROM IN-TRANSIT FACL  06-09-2005 1442 06-09-2005 1442
5-F    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-09-2005 1159 06-09-2005 1442
WXR    ADMIN REL   ADMINISTRATIVE RELEASE         03-09-2005 0859 03-09-2005 0859
WXR    A-ADMIN     ADMINISTRATIVE ADMISSION       03-09-2005 0855 03-09-2005 0859
P04    RELEASE 03  RELEASED FROM IN-TRANSIT, MAR  03-09-2005 1155 03-09-2005 1155
P04    A-ADMIT 08  ADMITTED TO IN-TRANSIT, AUG    08-17-2004 0530 03-09-2005 1155
1-J    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-17-2004 0530 08-17-2004 0530
1-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-19-2004 1441 08-17-2004 0530
CLB    ADMIN REL   ADMINISTRATIVE RELEASE         04-19-2004 1141 04-19-2004 1141
CLB    A-ADMIN     ADMINISTRATIVE ADMISSION       04-19-2004 1135 04-19-2004 1141




G0002       MORE PAGES TO FOLLOW . . .
```

```
WXR17         *        PUBLIC INFORMATION        *       10-11-2007
PAGE 002      *           INMATE DATA            *       15:18:27
                        AS OF 10-11-2007
```

REGNO..: 13540-097 NAME: BURLINGAME, DAISY MAE

```
                  RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 925-833-7500    FAX: 925-833-7599
PRE-RELEASE PREPARATION DATE: 12-02-2007
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-10-2008 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION..........: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER..................: SA CR02-28 DOC
JUDGE..........................: CARTER
DATE SENTENCED/PROBATION IMPOSED: 02-09-2004
DATE COMMITTED.................: 06-09-2005
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $900.00        $00.00          $00.00        $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $1,988,000.00

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  153
OFF/CHG: 18:371; CONSPIRACY

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   63 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 NEW SENTENCE IMPOSED...........:   38 MONTHS
 BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/C WITH ALL COUNTS
 DATE OF OFFENSE................: 01-30-2002
```

```
 G0002        MORE PAGES TO FOLLOW . . .
```

```
WXR17        *        PUBLIC INFORMATION        *        10-11-2007
PAGE 003     *            INMATE DATA           *        15:18:27
                        AS OF 10-11-2007
```

REGNO..: 13540-097 NAME: BURLINGAME, DAISY MAE

```
              RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 925-833-7500    FAX: 925-833-7599
```
-------------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:  150
OFF/CHG: 18:1341, 2; MAIL FRAUD, AID/ABET

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   63 MONTHS
TERM OF SUPERVISION............:    3 YEARS
NEW SENTENCE IMPOSED...........:   38 MONTHS
BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: C/C WITH ALL COUNTS
DATE OF OFFENSE................: 07-07-2000
```

-------------------------CURRENT OBLIGATION NO: 030 -------------------------
OFFENSE CODE....:  157
OFF/CHG: 18:1343, 2; WIRE FRAUD, AID/ABET

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   63 MONTHS
TERM OF SUPERVISION............:    3 YEARS
NEW SENTENCE IMPOSED...........:   38 MONTHS
BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: C/C WITH ALL COUNTS
DATE OF OFFENSE................: 06-21-2000
```

-------------------------CURRENT OBLIGATION NO: 040 -------------------------
OFFENSE CODE....:  548
OFF/CHG: 18:1956, 2; MONEY LAUNDERING, AID/ABET

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   63 MONTHS
TERM OF SUPERVISION............:    3 YEARS
NEW SENTENCE IMPOSED...........:   38 MONTHS
BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: C/C WITH ALL COUNTS
DATE OF OFFENSE................: 07-05-2000
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
    WXR17          *          PUBLIC INFORMATION        *      10-11-2007
PAGE 004 OF 004 *              INMATE DATA              *      15:18:27
                            AS OF 10-11-2007

REGNO..: 13540-097 NAME: BURLINGAME, DAISY MAE

              RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 925-833-7500    FAX: 925-833-7599

-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-20-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-20-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020, 010 030, 010 040

DATE COMPUTATION BEGAN..........: 06-09-2005
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:     38 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      3 YEARS      2 MONTHS
AGGREGATED TERM OF SUPERVISION..:      3 YEARS
EARLIEST DATE OF OFFENSE........: 06-21-2000

JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                     01-30-2002    01-31-2002

TOTAL PRIOR CREDIT TIME.........: 2
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 149
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 03-10-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-06-2008


PROJECTED SATISFACTION DATE.....: 03-10-2008
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Exhibit 4

Program Review Report for inmate Burlingame, dated August 29, 2007

```
DUB00           *         PROGRAM REVIEW REPORT        *        08-29-2007
PAGE 001                                                        14:22:59
```

INSTITUTION: DUB   DUBLIN FCI

NAME.......: BURLINGAME, DAISY MAE                     REG. NO: 13540-097
RESIDENCE..: UPLAND, CA 91784

TYPE OF REVIEW......: INITIAL CLASSIFICATION (PROGRAM REVIEW)
NEXT REVIEW DATE...:  _11·29·07_____

PROJ. RELEASE DATE..: 03-10-2008           RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                 HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  _1·2008____    DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N            IF YES, RECONCILED (Y/N): _N/A_____

PENDING CHARGES.....:  _NONE  KNOWN_____

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: _NO_
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY   - - - - -   CURRENT ASSIGNMENT - - - - - -    EFF DATE    TIME

| CMA | PROG RPT   | NEXT PROGRESS REPORT DUE DATE  | 06-07-2008 | 1503 |
| CMA | RPP PART   | RELEASE PREP PGM PARTICIPATES  | 02-14-2007 | 1547 |
| CMA | RPP UNT C  | RELEASE PREP UNIT PGM COMPLETE | 08-10-2007 | 1255 |
| CMA | V94 COA913 | V94 CURR OTHER ON/AFTER 91394  | 07-07-2005 | 1503 |
| CUS | COM        | COMMUNITY CUSTODY              | 01-13-2007 | 0459 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED     | 07-07-2005 | 1504 |
| EDI | ESL HAS    | ENGLISH PROFICIENT             | 06-16-2005 | 1500 |
| EDI | GED HAS    | COMPLETED GED OR HS DIPLOMA    | 08-15-2005 | 0839 |
| FRP | PART       | FINANC RESP-PARTICIPATES       | 07-07-2005 | 1504 |
| LEV | MINIMUM    | SECURITY CLASSIFICAT'N MINIMUM | 04-19-2004 | 1141 |
| MDS | REG DUTY   | NO MEDICAL RESTR--REGULAR DUTY | 06-20-2005 | 1123 |
| MDS | YES F/S    | CLEARED FOR FOOD SERVICE       | 06-20-2005 | 1123 |
| QTR | S02-161L   | HOUSE S/RANGE 02/BED 161L      | 05-05-2006 | 0911 |
| RLG | PROTESTANT | PROTESTANT                     | 07-29-2005 | 1451 |
| WRK | C-C1 ORD   | CAMP ORDERLY FOR C1            | 11-28-2006 | 0001 |

WORK PERFORMANCE RATING:  _____Good__·__

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  _no~_____

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $_2179____

FRP PAYMENTS PAST 6 MO:  $_350_____    OBLG BALANCE: $_1987500___

CURRENT FRP PLAN: $_100/MO_ PAYMENTS COMMENSURATE: YES _✓_ / NO ____

```
DUB00          *       PROGRAM REVIEW REPORT        *      08-29-2007
PAGE 002                                                   14:22:59
```

IF NO, NEW PAYMENT PLAN: _____ N/A _____

RELEASE PREPARATION PARTICIPATION: ONLY NEED SECTION 3
(FINANCE) TO COMPLETE. COMPLETE BY 12-3-07.

CCC RECOMMENDATION: 12-3-07

PROGRESS MADE SINCE LAST REVIEW: Cont religious Svcs Thngs 9-5-07
Cont voc Trg Thngs 9-5-07

GOALS FOR NEXT PROGRAM REVIEW MEETING: Cont voc Trg cntl.1 11/07
Cont religion Svcs Trg 11/07

LONG TERM GOALS: Cont. voc Trg cntl.1 3/08
Cont rel svc cntl.1 3/08

```
DUB00              *        PROGRAM REVIEW REPORT           *        08-29-2007
PAGE 003 OF 003                                                      14:22:59
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____ 401, 408   REVIEWED

_____

_____

_____

_____

_____

_____

_____

SIGNATURES:

CHAIRPERSON: _____        INMATE: X _____

        DATE: ___8·29-07___              DATE: ___8·29·07___

# Exhibit 5

Institutional Referral For CCC Placement form for inmate Burlingame

BP-S210.073 **INSTITUTIONAL REFERRAL FOR CCC PLACEMENT** CDFRM
SEP 99

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: Wes Mayhew, CCM<br>Long Beach, California | FROM: Chief Executive Officer<br>Paul Copenhaver, Warden | |
|---|---|---|
| Inmate Name: BURLINGAME, Daisy Mae | Register Number: 13540-097 | Date: 9-3-07 |
| Unit Manager/Mail ID<br>William Kubitz, Camp Administrator<br>wkubitz@BOP.gov | Federal Prison Camp<br>5675 8th Street, Camp Parks<br>Dublin, California 94568 (925)833-7500 | |

| 1. Release City: Upland, California | Supervision District: Central District<br>of California |
|---|---|

| 2. Anticipated Release Date<br>March 10, 2008 | Method<br>Good Conduct Time | Verified by ISM |
|---|---|---|

| 3. Recommended :<br>Range: N/A<br>Date: December 3, 2007 | 4. If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: |
|---|---|

| 5. Statutory Interim Hearing Scheduled?<br>☐ Yes   X No   ☐ Waived | 6. Supervised Release<br>X Yes ☐ No | Special Parole Term<br>☐ Yes    X No |
|---|---|---|

7. Aftercare Supervision
☐ Drug   ☐ Alcohol   ☐ Mental Health   ☐ Other:

| 8. CIM Case: ☐ Yes X No | Assignment: N/A |
|---|---|

| As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.<br><br>☑ Yes   ☐ No   Signature of CMC _____<br><br>Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above. | NOTE:<br>The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM. |
|---|---|

| 9. If proposed District of Supervision differs from Sentencing District, has USPO approved?  ☐ Yes  ☐ No  X N/A | 10. Does inmate have a committed fine?   ☐ Yes     X No<br>If yes, indicate how fine will be paid in item 12. |
|---|---|

11. Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history.

Ms. Burlingame does not have any detainers or known pending charges.

Ms. Burlingame does not have a history of drug or alcohol abuse prior to her arrest.

12. Specific release preparation/Pre-natal care needs.

Ms. Burlingame will require the assistance of RRC staff in obtaining employment and with any counseling needs she requires for her transition back into the community.

| 13. For MINT Referrals,<br>Date of Delivery: | 14. (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br>(B) Proposed guardian: |
|---|---|

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | 2 | Drug Abuse Treatment Programs Agreement to | |
| BP-339 CIM Case Information Summary | 1 | Participate in Community Transition Programming | 2 |
| (Non-Separation Cases) | | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of | 2 | | |
| Inmates to CCC Type Facility | | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | 2 | | |

\* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Record Copy - CCM; Copy - Institution File; Copy - USPO Sentencing District; Copy USPO District of Supervision